UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT
UNION,

Plaintiff,

v.

ANDREW PITTS,

Defendant.

Case No. 26-10051
Honorable Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

## ORDER REMANDING MATTER TO THE STATE DISTRICT COURT FOR 36TH JUDICIAL DISTRICT

**I.**

This matter is before the Court on defendant Andrew Pitts' ("Pitts") second notice of removal. ECF No. 1. Pitts' first attempt to remove this action, docketed separately as *Michigan Credit Union v. Andrew Pitts,* 25-12641 ("*Pitts 1")* and assigned to the Honorable Denise Page Hood, was unsuccessful because he failed to offer facts to establish that the Court had subject matter jurisdiction over his claims. The Court lacks jurisdiction to entertain the second notice of removal, because doing so would constitute a review of its prior order remanding the case for lack of subject matter jurisdiction, and such review is barred by 28 U.S.C. § 1447(d). This case

will be remanded to the 36th District Court. Pitts also filed an application to proceed *in forma pauperis* (ECF No. 2), which is **GRANTED**.

**II.**

Plaintiff Michigan First Credit Union filed suit against Pitts in the 36th District Court. According to the notice of removal filed in this court in *Pitts 1* on August 22, 2025, the complaint "arises from a consumer loan dispute involving the repossession of [d]efendant's vehicle." ECF No. 1, PageID.1. Pitts did not include a copy of the state court proceedings with his notice.

After considering Pitts' pleadings, Judge Hood entered an order on September 2, 2025, remanding the case for lack of subject matter jurisdiction finding that:

> Pitts' Notice of Removal and submitted state court documents indicate the matter removed from the 36th District Court, State of Michigan is a Complaint against Pitt alleging a breach of an Agreement with a balance due in the amount of $3,021.14, plus accumulated interest. (ECF No. 5, PageID.10) The Notice of Removal alleges what appears to be Pitts' affirmative defenses and counterclaims, including: Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.; Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq.; and, Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Pitts asserts this Court has original and supplemental jurisdiction under 28 U.S.C. §§ 1331, 1367. (ECF No. 1, PageID.1) The arguments and allegations raised by Pitts in his Notice of Removal as to jurisdiction cannot be considered by the Court to determine subject matter jurisdiction. The Court must determine subject matter jurisdiction upon review of the Complaint filed by Plaintiff

Michigan First Credit Union, not Pitts' arguments and allegations in his Notice of Removal.

Liberally construing Pitts' Notice of Removal and after reviewing the Complaint, the Court finds there is no federal subject matter jurisdiction over the Complaint. Removal of federal subject matter jurisdiction is governed by 28 U.S.C. § 1441 which allows removal of claims based on diversity of citizenship and arising under the Constitution, laws or treaties of the United States. The Complaint alleges a breach of an Agreement, which is a state law claim. The Complaint alleges Plaintiff does business in the State of Michigan and that Pitts is a resident of the City of Detroit, State of Michigan. As noted above, the amount in controversy alleged is $3,021.14. Nothing in the Complaint alleges any violation of any federal law. The Court finds it lacks subject matter jurisdiction over the Complaint filed before the 36th District Court. This matter must be remanded to the 36th District Court.

*Pitts 1*, ECF No. 6, PageID.14, 15.

On January 7, 2026, Pitts filed his second notice of removal, docketed as the instant case. The second notice appears to be identical to the first and thus suffers from the same fatal flaws. However, even if Pitts had supplied proper facts to support his claim that the Court has federal question jurisdiction in his second notice of removal, the Court lacks jurisdiction to entertain the second notice; doing so would amount to a review of the prior remand order, which is barred by 28 U.S.C. § 1447(d). As the statute plainly states: "An order remanding a case to the State court from which it was removed is not

reviewable on appeal or otherwise...." The Sixth Circuit has held that section 1447(d) bars consideration of any notice or motion that amounts to "the functional equivalent of a motion to review or reconsider," noting that "the language in § 1447(d) has been universally construed in other circuits to preclude further reconsideration or review of a district court's order remanding a case, because a remand to state court divests a district court of jurisdiction such that it may not take any further action on the case." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531-32 & 531 n.1 (6th Cir. 1999) (collecting cases).

The court in *Brierly* held that a district court may consider a second notice of removal only if it is made by a defendant that was not served prior to the first notice of removal, and which therefore had no chance to join in the prior removal attempt. In this case, the same defendant who failed on his first attempt at removal has simply refiled a removal notice, essentially seeking reconsideration of the prior order remanding the case. The Court therefore lacks jurisdiction to consider the second notice.

**III.**

Accordingly, **IT IS ORDERED** that Pitts' application to proceed

*in forma pauperis* (ECF No. 2) is **GRANTED**. This case is hereby

**REMANDED** to the 36th Judicial District Court, State of Michigan.

The Clerk of Court is **DIRECTED** to prepare the necessary

documents to effectuate the remand.

**IT IS FURTHER ORDERED** that the Court finds this action

frivolous under 28 U.S.C. § 1915(e)(2)(B), and any appeal of this

order would not be taken in good faith. 28 U.S.C. § 1915(a)(3);

*Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114

F.3d at 610-11. Pitts is **WARNED** that further attempts to litigate this

case in federal court may result in sanctions, including the imposition

of prefiling conditions.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: February 6, 2026